IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MICHAEL A. SMITH,**

    **Petitioner,**

vs.                                                                 **Case No. 4:08cv431-RH/WCS**

**WALTER A. McNEIL,**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

    This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Doc. 1. Pursuant to court order, doc. 3, Petitioner paid the filing fee.

    Petitioner challenges his 1994 convictions and life sentences for two counts of sexual battery on a child under the age of 12. He previously challenged this conviction by § 2254 petition. Smith v. Crosby, 4:03cv105-RH/AK. That petition was dismissed as untimely filed. The court rejected Petitioner's claims of an unconstitutional impediment to filing, equitable tolling, and actual innocence. Docs. 17 and 19 in that file (report and

recommendation as adopted by the court).[1] A certificate of appealability was denied by this court and the Eleventh Circuit. See docs. 24, 27, 31 and 32 (orders denying certificate of appealability and reconsideration).

Before a second or successive § 2254 petition may be filed, the appropriate court of appeals (here the Eleventh Circuit) must authorize the district court to consider it. 28 U.S.C. § 2244(b)(3)(A), § 2254 Rule 9 (requiring an order of authorization under § 2244(b)(3) and (4) before presenting a second or successive petition).

Dismissal of the prior petition as untimely "counts," and renders this subsequent petition second or successive. See, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003), cert. denied, 542 U.S. 928 (2004) (§ 2255 case) (collecting cases, finding that unlike a dismissal without prejudice of an unexhausted or premature claim,[2] "a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the

---

[1] There is a one year limitations period for filing a § 2254 petition, which runs from the latest of: the date on which the judgment became final; the date on which an unconstitutional and state created impediment to filing was removed; the date on which the right asserted was initially recognized by the Supreme Court; or the date on which the factual predicate supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1). The time is subject to statutory and equitable tolling. Here Petitioner claims that the state court improperly denied his motion based on newly discovered evidence. Doc. 1, p. 4 (p. 5 in the electronic docket). Even if Petitioner now had new evidence warranting a later commencement date, he would first have to obtain authorization to file. See § 2244(b)(2)(B) (allowing a claim based on a factual predicate not previously discoverable with due diligence, which is sufficient to establish that no reasonable factfinder would have found Petitioner guilty).

[2] While the order and judgment dismissing the other petition as untimely do not specify that dismissal was with prejudice, the court accepted the report and recommendation, which recommended dismissal with prejudice. Docs. 17, 19 and 20 in that file.

merits for successive purposes."); Murray v. Greiner, 394 F.3d 78, 80-81 (2d Cir. 2005) (applying Villanueva rationale in § 2254 context); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

There is no indication that Petitioner sought or obtained authorization for filing a second or successive petition,[3] and the case should be dismissed for lack of jurisdiction. Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.), *cert. denied*, 542 U.S. 958 (2004).

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2254 petition.

**IN CHAMBERS** at Tallahassee, Florida, on December 17, 2008.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] Forms for seeking such authorization are available from the Clerk of the Eleventh Circuit, 56 Forsyth Street NW, Atlanta GA 30303.